**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| BEVERLY SHAW, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEREMIAH SHAW et al., )<br>)<br>Defendants. ) | No. 1:24-cv-00237-SNLJ |

**MEMORANDUM AND ORDER**

Plaintiff Beverly Shaw, proceeding without counsel, seeks leave to proceed in this action without prepaying fees or costs. (ECF No. 2). Having reviewed her motion, the Court finds that she cannot afford the filing fee in this matter. The Court will therefore grant the motion and waive the fee. Nevertheless, for the reasons explained below, the Court will dismiss the action for failure to state a claim.

This case arises from an Indiana state court order appointing Plaintiff's son, Jeremiah Shaw, as guardian for her husband, David Shaw. (ECF No. 1). Plaintiff offers little detail in the complaint and instead submits a mix of attachments, including emails, screenshots of handwritten notes, letters supporting her position, and photographs of her husband. (ECF Nos. 1-1 through 1-3). Although Plaintiff does not clearly identify any legal claims, she plainly asks the Court to end Jeremiah's guardianship and return David to her care. (ECF No. 1-2 at 4).

This case falls within the domestic relations exception to federal jurisdiction. That doctrine bars federal courts from hearing cases relating to divorce, alimony, or child custody. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (citation omitted). As the Supreme Court explained in *Ex parte Burrus*, "[t]he whole subject of the domestic relations of husband and wife, parent and child,

belongs to the laws of the states, and not to the laws of the United States." 136 U.S. 586, 593-94 (1890). Even when a case does not squarely fall into one of those categories, federal courts usually abstain from exercising jurisdiction over closely related causes of action. *See Kahn*, 21 F.3d at 861.

Although Plaintiff's allegations are difficult to follow, she clearly challenges her son's court-appointed guardianship over her husband. That appointment arises under state law. *See King v. Beavers*, 148 F.3d 1031, 1034–35 (8th Cir. 1998) ("Of course, the proper scope and import of the probate court's guardianship order and Letters of Guardianship are questions of state law."). Because this matter involves a domestic relations issue governed by state law, the Court will abstain from exercising jurisdiction. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension.").

Even if this matter did not fall within the domestic relations exception, the Court would lack jurisdiction under the *Rooker-Feldman* doctrine. That doctrine bars federal district courts from reviewing final judgments issued by state courts. *Kvalvog v. Park Christian Sch., Inc.*, 66 F.4th 1147, 1152 (8th Cir. 2023). Because Plaintiff asks this Court to undo a state court's guardianship order, *Rooker-Feldman* independently bars jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

2

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) and motion to compel (ECF No. 8) are **DENIED** as moot.

The Court will issue a separate Order of Dismissal contemporaneously with this Memorandum and Order.

Dated this 24th day of April 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE